# Phillips vs Phillips, &c.

### APPEAL FROM THE MORGAN CIRCUIT.

*Assault and battery. Husband and wife.*

JUDGE BRECK delivered the opinion of the Court.

If the wife commit an assault and battery in the presence of the husband, it will be taken as done by his consent and approbation, and he equally guilty.

ALTHOUGH the defendants were not sued as husband and wife, yet as they were shown to be such before the jury upon the trial, the jury were authorized so to consider them in determining how far the acts and conduct of the husband would render him a joint trespasser with the wife. To the testimony showing the existence of that relation between the defendants, there does not appear to have been any objection; nor if made, are we satisfied it would have been available. From the fact then in one instance, that the husband was present and did not interpose in any way, while the wife committed the assault and battery, and wounding, the jury had a right to infer that she acted at least with his consent and approbation, which would render him a joint trespasser with her. So in the other instance, the jury might well draw the same inference from the remark of the husband, while the wife was committing the battery, that the plaintiff was "not getting a lick amiss," although he was in an adjoining room. It was not necessary, as contended, that the husband should use actual force to render him jointly guilty with the wife. It would not have been necessary, even if that relation had not existed. A party who is present, aiding, abetting, encouraging, or countenancing the act, is equally guilty as the one who actually commits it. So, although a party may not be actually present, but he is near enough to afford aid and assistance, and he abets and countenances the trespass, he is jointly guilty as principal, with the one who commits it. The Court below, therefore, in any view of the case, was right in refusing the instructions moved by the defendants, that personal force on the part of the husband, must have been used or was necessary to render him guilty. Whether the remark

made by the Court in overruling that instruction, "that whatever the wife did in the presence of her husband, was considered as done under his coercion, unless he attempted to prevent it," was made to the counsel or to the jury, does not appear. But whether made to the one or the other, is not deemed important; nor is it important to decide whether the rule of law be to the fullest extent as stated by the Court, as we have seen that the presence of the husband, without interposing when the trespass was committed by the wife, authorizes the inference that it was, at least, done by his consent and approbation, and renders him equally guilty as if she were considered as acting by his coercion. The remark, therefore, if made to the jury, and although not to the fullest extent true, was not calculated to mislead them.

The motion in arrest of judgment was properly overruled. The proof of the fact upon the trial, that the defendants were husband and wife, which did not appear in the declaration, constituted no ground for arresting the judgment.

As the record only purports to contain a portion of the evidence, we are not prepared to say that a new trial should have been granted upon the alledged ground that the damages found by the jury were excessive.

Wherefore, the judgment is affirmed.

*French* for appellant; *Apperson* for appellees.

Husband and wife sued in trespass, assault and battery, though not so named in the declaration if the evidence proves such relation it is no cause for arrest of judgment.